Please all rise. Here ye, here ye, this Honorable Appellate Court for the 2nd Judicial District is now back in session. The Honorable Susan F. Hutchinson presiding. Please be seated. Your Honors, the 3rd case we'll start this morning. Case number 45-0200. Ken Williams, plaintiff's appellant. The Air Comfort Corporation doing business as PCC Industries Corporation. Defendant's Appellant. Arguing on behalf of the appellant. Mr. Zane Jaffrey. Arguing on behalf of the appellant. Defending as guilty. Good. We're still morning, so good morning counsel. Ms. Jaffrey, whenever you're ready, you may proceed. Good morning, Your Honors, counsel. May it please the Court, my name is Zane Jaffrey. I represent Shonda Williams as an appellant in a slip and fall case that was filed in Lake County. This case is the rise of, as I mentioned, a slip and fall accident that occurred on July 19th. Ms. Williams was a security guard at Uline, located at 2200 Lakeside Drive in Waukegan, Illinois. When her accident occurred, she was patrolling the premises and entered into an area. And when she entered in, she slipped on some water. Now, in the months following Ms. Williams' accident, plaintiff contacted with Uline to obtain any other additional parties that may have been, you know, subject to maintenance, repair, inspection of the area in which Ms. Williams slipped. However, due to, you know, lack of communication or just lack of information from defendant Uline, no additional names were provided. Plaintiff then filed her lawsuit in May of 2024. Uline was served in June, I believe, I have the date here, June 7th of 2024. And I've had conversations with the attorney Rich Orton of Uline in regards to if there were any additional parties. Mr. Orton told me on June 28th of 2024 that there were no additional parties. And then on July 1st of 2024, he told me that Uline was doing an investigation in regards to... Are your conversations part of the record? They are not, Your Honor. Why are you mentioning them here? Because, Your Honor, when the motion to reconsider was filed, we had given exhibits that showed conversations between plaintiff's attorneys and the adjusters for Uline in regards to any sort of, you know, additional parties that may exist. Now, Uline had a contract with Air Comfort that they knew about the entire time, but didn't disclose to plaintiffs until, you know, the clock was ticking and it was already too late. You know, we were diligent in our efforts in order to obtain any additional parties. This goes to the argument of the relation back rule as well as, you know, the argument that we made in our appellate brief to equitable tolling. Well, you're saying that you got the information back or plaintiff got the information back too late. That doesn't really account for the fact that when a notice was filed, Air Comfort doesn't appear on the notice. Correct, Your Honor. That's not a requirement from Illinois law because they were not a party to the lawsuit at the time. We filed a motion... Well, I thought that the... Yes, you're right. ...at the time the initial motion was filed, but then when the actual complaint was filed, were they given notice that the complaint had been filed? Was then now a party? No, Your Honor. Okay. Well, that would seem to be important, wouldn't it? Correct. When the complaint is filed, Air Comfort should have been given notice. However, there were conversations with Air Comforts. Again, this is not part of the record, so I apologize, Your Honor. Again, stick to what's in the record. You just mentioned a few minutes ago about the equitable tolling argument, which was not raised in the trial court. Why isn't it forfeited? Your Honor, I believe it's the equitable tolling, or an argument that's not brought up, is a waiver of a limitation of the parties but not the court. So it's something that can be heard if the court allows it. In the interest of justice. In the interest of justice. So if the court allows it, you know, it's a reason that that argument is being made now. In regards to the amended complaint not being filed, Your Honor, Air Comfort was served with that complaint. However, there were issues in regards to getting that complaint served. Again, so I'll stick to the record because I don't want to, you know, venture off too far from this. That being said, what plaintiff did leading up to the statute of limitations was buy the book. We were told by the Lake County clerk of the court that the judge would not be hearing any motions, you know, within between July 15th until July 31st. Now, the statute was going to run July 17th. Plaintiffs did everything accordingly at the time that, you know, within the limited amount of time that they had. Now, when it comes to getting between July and September when Air Comfort finally got notice, a plaintiff was, again, it's not part of the record, Your Honor, but a plaintiff was working with Uline to provide the representatives of Air Comfort with the lawsuit. Again, there are emails where Air Comfort's representatives are cc'd on. However, I know that's not part of the record, so I won't speak to it. Your Honor, I think the case at hand, you really have to look at, you know, the equitable tolling argument is that, you know, not only in the time before the lawsuit being filed did Uline not provide plaintiff with information that they had, but also when the motion was being filed, the clerk gave us a date that was, you know, it was out of plaintiff's control when we could select our date. You know, with Lake County, the procedure is that you call ahead of time, you schedule the date, and when plaintiffs went to do that, they were informed that we don't have a date in the time frame that you're looking for. July 31st is the soonest possible date that you can get. And because of that, you know, there's prevented the factors of the rule. The rule factor we're tolling is that it's appropriate when the defendants actively misled the plaintiffs. You understand what a forfeiture is, correct, and why we forfeit arguments? Because you didn't give the trial court an opportunity to rule on your argument. That's why it's forfeited. And while we can affirm on any basis supported by the record, we're not authorized to reverse on any basis supported by the record. Do you recognize that?  That being said, Your Honor, the trial court is aware of when the motion was filed, when it was heard. The plaintiff filed her amended complaint as an exhibit to her motion. It's on the record. But then the complaint that was actually filed was not quite the same as the one that was attached to the motion, was it? It listed Air Comfort as a defendant. The amended complaint that was filed as an exhibit is the same amended complaint that was filed subsequently. Exact same complaint. I believe so, Your Honor. Okay. I mean, just bottom line, why didn't you serve Air Comfort with the motion to seek to file another complaint? It was not a rule that's required by the, by any Illinois law. Under the statute of limitations, it requires you to file a complaint against someone and at least take some effort to serve them prior to the expiration of the statute. I mean, I know it's outside the record, but you obviously knew who counsel was. Why deliver it? That's obviously possible, Your Honor. But, again, it's not in any of the rules that the motion for amending the complaint needed to be served on the defendant. That isn't even a part of the case. But the complaint against Air Comfort had to be filed prior to the expiration of the statute of limitations. Right? Right. Okay. But, if I may, Your Honor, we weren't able to present, the plaintiff wasn't able to present her motion to amend until after the statute had passed, and that was because of the, you know, Lake County Clerk's Office giving us a certain date. Okay. Well, that, again, I don't think it's the date that it was set so much as the fact that Air Comfort didn't receive notices of certain court appearances that were possible. I get that maybe when you're making the motion to amend to add the party, maybe they didn't have to be notified, although I think best practices would say they should have been. But it's the hearing later that we, they, you know, we've got to give them notice at some point in time that they've been added, and that never happened. Well, until they found out from either Uline or somebody else, which is another one of your arguments they should have known. I don't know in how many contracts does Uline have them on a regular contract for work in the building, because I assume that's where this is happening, in one of the Uline facilities. So Uline certainly should know, and they should know, but do they know there's a lawsuit filed? And that's going to be the issue. It's not, you know, does Uline know that they're part of the process? Yeah. But does that mean that Air Comfort should have known without notice from your client through counsel or however it was done that there was this action pending and now they were part of it? That's the problem. I would point to Fisher, Your Honor. In Fisher, a plaintiff filed a complaint without giving notice to the parties they were naming. Those parties only became aware of the complaint or being named as defendants after the statute had passed as well. Now, granted, in Fisher, the plaintiff was filed as an emergency, and the complaint was supposed to be filed in stanter. However, due to a clerical error, it also wasn't filed in stanter. So, again, it's the same sort of situation where, you know, in Fisher, there was no notice given to the parties that were going to be added. But in Fisher, the appellate court recognized that the defendants received their summons and the copies of the amended complaint at the same time they would have received them if the court's order had been signed, correct? Correct. It's different in this case. I disagree, Your Honor. I think in Fisher, they still received the summons. The plaintiff brought the summons to the clerk before the statute was filed, but they didn't receive them until after the statute had already passed. But they received a copy of the amended complaint. Yes.  After the statute. That's not the case here, right. If there are any other questions, I'll... Thank you. Thank you. Thank you. You'll have an opportunity to reply if you choose after counsel proceeds, and you may do so. Gilleran. You're going to have to adjust that microphone. Thank you. Good morning. Good afternoon, Mr. Court. Counsel. My name is Janine Gilleran. I represent Air Comfort Corporation. Your Honors, it is uncontroverted that Air Comfort was not served and was not properly named within the statute of limitations. All right. Now, give us your take on when things happened. Plaintiff's fall took place on 7-17-2022. Plaintiff had 21 months thereafter in order to properly investigate the incident and to name the proper parties. Plaintiff files her original complaint on May 28, 2024, 21 months later. And let's be honest, she didn't make good use of her time investigating it. And we know this because at the motion for reconsideration, the court noted that there was a two-year gap in communications between Plaintiff's counsel and Uline. So they didn't do their proper homework and investigation as indicated. After May 28, 2024, the defendants that are properly named do not third-party Air Comfort in. Air Comfort has no indication or notice that there is a lawsuit arising from a premises liability cause of action against it. So during all of these months, 21 months, they don't have any notice of it. The original complaint not naming them is filed. They don't have any notice of it. And then six weeks later on July 12, 2024, when the amended complaint is attached to the motion for leave to file, they are not notified at that time. Now Plaintiff had options at this point. Plaintiff could have sent letter to counsel. Plaintiff could have sent letter to the registered agent. Plaintiff could have put Air Comfort on notice in some way, shape, or form. She did not. My client, Air Comfort, had no notice within the statute of limitations. After the Plaintiff gets the date on July 12, 2024, which is after the statute of limitations, Plaintiff, again, had options which she did not take. Specifically, Plaintiff could have filed it as an emergency motion, which is what the Plaintiff did by filing in Stantor and Fisher. Or Plaintiff could have named an entirely separate complaint, naming Air Comfort individually with the same allegations and then consolidated it on the date that the original motion would be heard. Again, Plaintiff had options she did not take, and these prejudice my client. But she still says Air Comfort should have gotten notice sooner than it did. It's like the amended complaint, the actual amended complaint, was sent out without sending it to the newly named party, correct? Air Comfort did not have any notice of it, Your Honor. Okay. Nor did their attorneys, which were in contact with Plaintiff's attorneys. Again, not part of the record. This is not information that they have. And under the Constitution, my client is a poor to due process. My client has the right to know, under the statute of limitations, whether to throw a party or not. Because the statute of limitations, as volumes of case law speaks to, is critically important. It allows clients such as Air Comfort to have predictability, to have finality, to be certain about whether they're a defendant in the lawsuit, to preserve any evidence that is required to defend the lawsuit, to take statements. Volumes of cases speak to how important the statute of limitation is to litigants. This case boils down to timing is everything. And Plaintiff had 21 months before filing her initial complaint to name Air Comfort. And in the six weeks after, when she didn't file against Air Comfort and the co-defendants didn't name Air Comfort, Plaintiff did nothing. And we urge this Court not to reward that behavior. Mr. Jeffrey brought up the Fisher case. The Fisher case is distinguishable on several levels. First of all, the Fisher case, the Plaintiff took the complaint personally to the judge's clerk. It was marked in stanter and it was stamped. It was a clerical error that the clerk didn't get it to the judge in order to sign it. However, it didn't prejudice the defendant in that case because those doctors got notices of the summons and complaint, just as they would have had the judge's signature appeared on that order. Furthermore, they did everything they could. This is not the case before the Court. Plaintiff's counsel had options on July 12th when she was aware that the motion for leave to file would not be heard within the statute of limitations. And as mentioned, those options included moving to file as an emergency in stanter, even though Mr. Jeffrey represented to the Court that the Court was closed between July 15th and the 31st or unavailable, that still was three days between the 12th and the 15th in order to file an emergency motion to bring it before the Court in stanter. And further, they could have named Air Comfort in a separate pleading that would have been filed timely. They chose not to do that. And as far as we're concerned, it was a deliberate decision on their part not to name Air Comfort as a direct defendant. With respect to the arguments pertaining to equitable tolling, as Justice Burkett has noted, we do not feel that this Court should consider any arguments with equitable tolling as they were raised for the first time in the appellate brief and they were not raised before the trial court. However, if the Court is inclined to consider those arguments, which we do not believe are valid or timely, they do not apply here. Equitable tolling does not apply in this case because Ms. Williams was not misled by any action on Air Comfort's part. There was no previously assertion of her rights, and it was not in the wrong forum. So even in the unlikely event that this Court is inclined to allow equitable tolling arguments, they don't apply under the circumstances. Finally, the Relation Back Doctrine, as determined by Justice – I'm sorry, by Judge Smith in the circuit court, does not apply. This is not a case where Relation Back is appropriate because the plaintiff has not met all three prongs of Relation Back. Yes, it does arise from the same occurrence. Ostensibly, it's a premises case, and my client was a vendor on the premises. The original complaint against the other co-defendants was timely. However, the prong that's missing is whether Air Comfort received notice within the statute of limitations or whether it knew or should have known. I submit that there has been no proof and nothing submitted in the brief by plaintiff that indicates any way that Air Comfort knew or should have known that it was a target defendant in a premises litigation brought against a building where Ms. Williams was the security guard. Plaintiff made a deliberate choice not to name Air Comfort initially, and plaintiff made a deliberate choice not to do what was necessary under the statute of limitations to name Air Comfort properly within the statute of limitations. Timing is everything. They didn't use their time properly, and it's to the prejudice and detriment of my client, Air Comfort. We believe that the ruling by the circuit court with respect to defendant's motion to dismiss and the ruling on the motion for reconsideration is appropriate, and we ask that the court affirm those rulings. I seem to have quite a bit of time. Does anybody have any questions for me? Anything else? I don't think so. Thank you. Thank you. And Mr. Jaffray, if you wish to respond, you may do so. Plaintiff filed her complaint on July 12th. It was stamped 4-51 p.m. July 12th, 2024 was a Friday, the 13th, the 14th, the courts closed, so it really gave no time once plaintiff learned that Air Comfort was a defendant that they could have ever brought the appropriate emergency motion forward towards the court. Given all that, I ask that this honorable court reverse the circuit court's decision. Thank you. Thank you. All right. Again, thank you for argument this morning. We will take the matter under advisement, take a short recess to prepare. Well, now we have a recess from lunch, and then we come back at 1 o'clock. Thank you. All rise.